UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| JASON BEST, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 11-26-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ERIC WILSON, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Jason Best, an inmate at the United States Penitentiary-McCreary in Pine Knot, Kentucky, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. R. 2. He claims that he is "actually innocent" of two of his five counts of conviction. Because Best has not shown that filing a motion to vacate his sentence in the sentencing court is "inadequate or ineffective to test the legality of his detention," this Court is barred from "entertain[ing]" his petition. 28 U.S.C. § 2255(e). It is therefore denied.

## BACKGROUND

A federal jury in Indiana convicted Best of five drug-related counts—one count of conspiracy to distribute crack cocaine, two counts of possessing crack cocaine with the intent to distribute it, and two counts of maintaining a place for distribution of crack cocaine. The district court sentenced Best to life imprisonment on the conspiracy count and terms ranging from 240 to 480 months on the other four counts, all to be served concurrently. On direct appeal, Best argued that his trial counsel had been ineffective in a number of respects. The Seventh Circuit rejected these arguments and affirmed Best's conviction and sentence,

holding that Best could not demonstrate that his counsel's supposed failings caused him any prejudice because of the "overwhelming evidence" that the government had presented against him, including twenty-one witnesses. *United States v. Best*, 426 F.3d 937, 944-47 (7th Cir. 2005). Best next filed a motion to vacate his sentence under 28 U.S.C. § 2255 in the sentencing court. The court denied the motion, declining to address Best's ineffective-assistance-of-counsel arguments because the Seventh Circuit had already rejected them on direct appeal. *United States v. Best*, No. 2:00-cr-171, 2008 WL 4414686, at *4 (N.D. Ind. Sept. 22, 2008). Best then filed this habeas petition under 28 U.S.C. § 2241.

## ANALYSIS

District courts have a duty to screen out habeas petitions that obviously lack merit. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). The Court should deny a petition without directing a response if "it appears from the application that the applicant or person detained is not entitled" to a writ of habeas corpus. 28 U.S.C. § 2243. Because Best's petition plainly lacks merit, it is denied.

Best challenges the imposition of his sentence. Generally, a federal prisoner may only challenge the imposition of his sentence by filing a § 2255 motion in the court that imposed it. *Terrell v. United States*, 564 F.3d 442, 448 (6th Cir. 2009). Best, however, has filed his petition in this Court—which has jurisdiction over his custodian—under § 2241. Prisoners may file § 2241 petitions "to challenge the execution or manner in which" their sentence is being served, but usually not to challenge the validity of the sentence itself. *Id.* Section 2255 explicitly bars courts from granting habeas relief to a prisoner who challenges the imposition of his sentence if he "has failed to apply for relief, by motion, to the court

2

which sentenced him, or [if] such court has denied him relief." § 2255(e). Here, Best has already challenged his sentence by filing a § 2255 motion in the Northern District of Indiana. That motion was denied. Best is thus precluded from seeking habeas relief in this Court unless he can satisfy § 2255's "savings clause." That provision allows a prisoner to challenge the validity of his sentence in a § 2241 petition if he can demonstrate that the § 2255 "remedy by motion is inadequate or ineffective to test the legality of his detention." § 2255(e). This is a "rigorous showing." *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). The § 2255 remedy is not considered "inadequate or ineffective" merely because the sentencing court has already denied § 2255 relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Rather, to take advantage of the savings clause, a petitioner must "make a showing of actual innocence." *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003).

Best claims that he is "actually innocent" of the two possession-with-intent-to-distribute counts because his trial attorneys denied him both effective assistance of counsel and compulsory process when they failed to call Best's cousin, Dennis Best, as a witness at his trial. R. 2. According to Best, his cousin would have testified that all of the drugs belonged to him and that Best had nothing to do with them. This testimony, according to Best, would have shown the jury that he was "actually innocent" of these two counts. This argument goes nowhere, and fast. Best has simply repackaged an ineffective-assistance-of-counsel claim as an actual-innocence claim. That is impermissible. *See Hodgson v. Warren*, 622 F.3d 591, 601 (6th Cir. 2010) ("[A] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to

3

have his otherwise barred constitutional claim considered on the merits." (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)). Indeed, several courts have explicitly rejected reliance on ineffective assistance of counsel to invoke § 2255's savings clause. *See, e.g.*, *Ball v. Conner*, 83 F. App'x 621, 622 (5th Cir. 2003); *Coakley v. Tombone*, 67 F. App'x 248, 248 (5th Cir. 2003). Moreover, as the Sixth Circuit has explained, a prisoner generally must "show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause." *Enigwe v. Bezy*, 92 F. App'x 315, 317 (6th Cir. 2004). Best has pointed to no such change in the law. In reality, his petition is no more than an attempt to get a third bite at the ineffective-assistance apple. That is not the purpose of a habeas petition under § 2241. Accordingly, because Best has not established that his § 2255 motion was "inadequate or ineffective to test the legality of his detention," his habeas petition is denied. § 2255(e).

## CONCLUSION

For these reasons, it is **ORDERED** that Best's petition for a writ of habeas corpus, R. 2, is **DENIED**. This case is **DISMISSED** and shall be **STRICKEN** from the Court's active docket.

This the 1st day of August, 2011.



Signed By:
Amul R. Thapar
United States District Judge